**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| T.Y.B.E. LEARNING CENTER, & <br> CARMEN AUSTELL, | } <br> } <br> } | |
| Plaintiffs, | } | |
| V. | } | CAUSE NO. 4:09-CV-1463 CEJ |
| | } | |
| HON. JOSEPH P. BINDBEUTEL, <br> KATHY QUICK, KIMBERLY SPRENGER, | } <br> } <br> } | JURY TRIAL DEMANDED |
| Defendants. | } | |

**PLAINTIFFS' MOTION TO MODIFY**
**THE TEMPORARY RESTRAINING ORDER**

COME NOW Plaintiffs, by and through counsel, Rufus J. Tate, Jr., pursuant to Fed.R.Civ.P. 65, and for their Motion to Modify the Temporary Restraining Order (TRO) state the following:

1) Following a hearing on plaintiffs' application for a TRO, the Court entered a TRO on Monday, September 21, 2009;

2) Upon information and belief, the Court did not expressly reference Rule 65(c), or whether and how much, if any, security should be given by plaintiffs during the pendency of the TRO;

3) The Court expressly concluded that the Department of Health and Senior Services (DHSS) defendants did not allege any imminent threat of harm or danger to any child and or employee of plaintiffs as a reason for the proposed denial of license renewal;

4) The evidence clearly established that no imminent threat of harm or danger to any child or employee exists;

1

5) The Court concluded that the DHSS defendants would not suffer any irreparable harm during the pendency of the TRO because they were not restrained from performing inspections to ensure the health and safety of the children in plaintiffs' care;

6) The Court did not attempt to restrain the DHSS defendants from performing any act otherwise required by law;

7) The DHSS defendants did not request a bond or security;

8) For purposes of Rule 65(c), security in the amount of $0.01 would be appropriate under the circumstances;

9) The TRO otherwise fully complies with both *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981) (en banc) and Rule 65(d);

10) Plaintiffs' counsel have discussed this matter with defendants' counsel; but have yet been unable to secure any stipulation on the subject.

WHEREFORE, for all of the foregoing reasons, plaintiffs respectfully requests that the TRO (dated, September 21, 2009) be modified only to add a bond requirement of $0.00 and for whatever other relief this honorable Court deems necessary and appropriate.

Respectfully submitted,

| | |
|---|---|
| /s/ Rufus J. Tate, Jr. | /s/ Anthony D. Gray |
| Rufus J. Tate, Jr. 56733 | Anthony D. Gray 97894 |
| The Tate Law Firm, LLC | Johnson Gray Law Firm |
| 7751 Carondelet, Suite 803 | 111 Westport Plaza, Suite 600 |
| Clayton, MO 63105-3369 | St. Louis, MO 63146 |
| 314.726.6495 Office | 314.385.9500 Office |
| 314.726.0424 Fax | 314.485.4873 Fax |
| tatelawfirm@aol.com | agray@johnsongraylaw.com |

*Co-Counsel for Plaintiffs*

## Certificate of Service

I hereby certify that on September 23, 2009, I delivered by e-mail a true and accurate copy of the foregoing Plaintiffs' Motion to Modify the Temporary Restraining Order to:

| | |
|---|---|
| Denise McElvein, Esq. | Dana Tucker, Esq. |
| Office of the Missouri Attorney General | Office of the Missouri Attorney General |
| 815 Olive Street | 815 Olive Street |
| St. Louis, MO 63101 | St. Louis, MO 63101 |
| denise.mcelvein@ago.mo.gov | dana.tucker@ago.mo.gov |
| *Counsel for Defendants DHSS, Quick & Sprenger* | *Counsel for Defendant Bindbeutel* |