# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| T.Y.B.E. LEARNING CENTER, & CARMEN AUSTELL, | } } } |
| Plaintiffs, | } |
| V. | } CAUSE NO. 4:09-CV-1463 CEJ |
| HON. JOSEPH P. BINDBEUTEL, KATHY QUICK, KIMBERLY SPRENGER, | } } JURY TRIAL DEMANDED } |
| Defendants. | } } |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE TEMPORARY RESTRAINING ORDER

Fed.R.Civ.P. 65(c) states that "[n]o restraining order…shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." *Id.* (alteration added).  The amount of the bond rests within the sound discretion of the trial court. *See, United Healthcare Ins. Co. v. AdvancePCS,* 316 F.3d 737, 745 (8th Cir. 2002).  "Despite the mandatory language of Rule 65(c), the Eighth Circuit Court of Appeals has held that, if the injunction is designed 'to aid and preserve the court's jurisdiction over the subject matter involved,' security is not required." *See, ProBatter Sports, LLC v. Joyner Technologies, Inc.,* 463 F.Supp.2d 949, 958 (N.D.Iowa 2006) (citing, *Magidson v. Duggan,* 180 F.2d 473, 479 (8th Cir.1950)); *Zenith Radio Corp. v. United States,* 518 F.Supp. 1347 (C.I.T.1981) ("[W]here a federal court issues a preliminary injunction in aid of and in preservation of its jurisdiction, no security need be required pursuant to [R]ule 65(c)."); and *United Fruit Co. v. Standard Fruit & S.S. Co.,* 282 F.Supp. 338, 340 n. 3 (D.Mass. 1968) (no security required for the issuance

1

of an injunction enjoining another district court from further proceedings in a related action).

In the instant case, the Court entered its TRO (Doc # 13) on Monday, September 21, 2009. The Court reasoned, *inter alia*, that the Department of Health and Senior Services (DHSS) defendants did not allege any imminent threat of harm or danger to any child and or employee of plaintiffs as a reason for the proposed denial of license renewal. The evidence clearly established that there is no such threat. The Court further reasoned that the DHSS defendants would not suffer any irreparable harm during the pendency of the TRO because they were not restrained from performing inspections to ensure the health and safety of the children in plaintiffs' care. Finally, the Court did not overreach and/or restrain the DHSS defendants from performing any act otherwise required by law. In light of the foregoing, the Court crafted a narrowly-tailored TRO to preserve the status quo of the relationship between the parties and the public.

Importantly, the DHSS defendants properly did not request a bond or security because the TRO certainly did not impair their ability to carry out their statutory mandates. Moreover, the DHSS defendants did not otherwise suggest any basis on which the Court might base a bond amount calculation. Therefore, for purposes of Rule 65(c), security in the amount of $0.00 would be appropriate under the circumstances. This Court has previously approved a bond in the amount of $0.00 in similar circumstances. *See, e.g., Johnson v. Board of Police Com'rs,* 351 F.Supp.2d 929, 952 [9] (E.D.Mo 2004) (Webber, J.).

Moreover, in the Eighth Circuit, the likelihood of wrongful injunctions is very low. Rule 65(b) permits TROs to be issued only upon showing of "immediate and irreparable injury, loss or damage." *Id.* However, since 1981, the Eighth Circuit has required a more

careful balancing of the equities than Rule 65.  *See, Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 114 [5]-[6] (8th Cir. 1981) (en banc).  Before any injunction may issue in the Eighth Circuit, *Dataphase* requires that the applicant demonstrate, *inter alia,* the likelihood of success on the merits in addition to irreparable injury.  *See, id.* at [7].  This Court has expressly made those requisite findings and others on the record.

WHEREFORE, for all of the foregoing reasons, plaintiffs respectfully requests that the TRO (dated, September 21, 2009) be modified only to clarify that a bond requirement of $0.00 is appropriate and/or for whatever other relief this honorable Court deems necessary and appropriate.

Respectfully submitted,

/s/ Rufus J. Tate, Jr.
Rufus J. Tate, Jr. 56733
The Tate Law Firm, LLC
7751 Carondelet, Suite 803
Clayton, MO 63105-3369
314.726.6495 Office
314.726.0424 Fax
tatelawfirm@aol.com

/s/ Anthony D. Gray
Anthony D. Gray 97894
Johnson Gray Law Firm
111 Westport Plaza, Suite 600
St. Louis, MO 63146
314.385.9500 Office
314.485.4873 Fax
agray@johnsongraylaw.com

*Co-Counsel for Plaintiffs*

## Certificate of Service

I hereby certify that on September 23, 2009, I delivered by e-mail a true and accurate copy of the foregoing Memorandum in Support of Plaintiffs' Motion to Modify the Temporary Restraining Order to:

Denise McElvein, Esq.
Office of the Missouri Attorney General
815 Olive Street
St. Louis, MO 63101
denise.mcelvein@ago.mo.gov
*Counsel for Defendants Quick & Sprenger*

Dana Tucker, Esq.
Office of the Missouri Attorney General
815 Olive Street
St. Louis, MO 63101
dana.tucker@ago.mo.gov
*Counsel for Defendant Bindbeutel*

4