UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

T.Y.B.E. LEARNING CENTER, et al., )
                                                        )
        Plaintiffs, )
                                                        )
   vs. )        Case No. 4:09-CV-1463 (CEJ)
                                                        )
HON. JOSEPH P. BINDBEUTEL, et al., )
                                                        )
        Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendants Joseph P. Bindbeutel and Nimrod T. Chapel, Jr., for summary judgment [Doc. #59]. Plaintiffs have filed a motion for summary judgment against all defendants [Doc. #67].[1] The Court has considered the arguments in plaintiffs' motion that are relevant to the claims against the present defendants.

Plaintiff Carmen Austell is the owner and operator of plaintiff TYBE Learning Center, a child care center located in Florissant, Missouri. On August 24, 2009, the Missouri Department of Health and Senior Services (DHSS) denied TYBE's application to renew its license. DHSS sent notice of the nonrenewal to the Missouri Department of Social Services (DSS) which, in turn, terminated its contract to reimburse TYBE for child care services to eligible children. TYBE filed a complaint with the Administrative Hearing Commission (AHC). The case was assigned to defendant Bindbeutel, a commissioner, who determined that the AHC did not have jurisdiction over TYBE's

---

[1]Defendants Kathy Quick, Kimberly Sprenger, and Shelley Truesdale are employees of the Department of Health and Human Services (DHSS). Their joint motion for summary judgment will be separately addressed.

complaint and dismissed the action. Plaintiffs allege that defendant Bindbeutel denied them their rights to procedural due process. They seek damages and injunctive relief.

I. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

II. Background

The Department of Health and Senior Services (DHSS) issued a day care license to TYBE on August 18, 2003. TYBE Learning Center v. Department of Health & Senior Servs., Nos. 09-1224DH & 09-1223SP, decision at 3 (Admin. Hearing Comm'n Sept. 10, 2009) ("AHC Dismissal") [Doc. #64-3]. The license authorized TYBE to provide care for up to 90 children between the ages of 24 months to 13 years old, 24 hours a day, seven days a week. TYBE received renewals of the license in 2005 and 2007.

TYBE's license was scheduled to expire on July 31, 2009. Plaintiffs submitted a renewal application not less than 60 days before the expiration of the license, as required by DHSS regulations. Id. Evidence in the record indicates that the renewal application was not received when first submitted; plaintiffs accordingly provided another application on June 18, 2009. AHC Transcript at 103-04, 227 (May 18, 2010) [Doc. #82].

On August 24, 2009, DHSS issued a Notice of Denial of Renewal to TYBE and Austell. The notice was signed by defendant Kathy Quick, administrator for the Section of Child Care Regulation (SCCR). The notice listed eight reasons for denial, including failing to maintain adequate staffing levels and using unapproved caregivers. [Doc. 64-1]. The notice also stated:

> The denial of Tybe's license is effective thirty-one (31) days from the date of this letter unless the decision is appealed.
>
> **APPEAL PROCEDURE**
>
> **You may appeal the decision to deny the renewal of your license by requesting a hearing before the Administrative Hearing Commission (Commission). To receive a hearing, the SCCR must receive a written request within thirty (30) days of the date of this letter. Please direct the request to the attention of Kimberly Sprenger . . .**
>
> If you appeal, DHSS/SCCR has ninety (90) days to file a complaint with the Commission. After receiving the complaint, the Commission sets a date for the

> hearing and notifies you and DHSS/SCCR of the date. Tybe's child care license is expired. Tybe is not licensed to provide child care at this time.
>
> * * *
>
> *If you do not appeal, this denial of renewal will be effective 31 days from the date of this letter. However, you are not currently licensed to provide child care.* Please note that Section 210.211.1 RSMo (2000), does not allow a facility to provide care for more than four (4) unrelated children without a license issued by DHSS/SCCR. Any care provided for more than four (4) unrelated children is in conflict with this section and subject to penalties set forth in Section 210.245, RSMo (2000). Please be reminded that Section 210.903 RSMo authorizes denials, revocations and suspensions of child care licenses to be reported to anyone who makes an inquiry to the Family Care Safety Registry for employment purposes. The placement of your name in this registry may affect your ability to obtain employment.

Id. at 12-13 (emphases in original).

Courtesy copies of the Notice of Denial of Renewal were provided to DSS and the Missouri Child Care Resource and Referral Network (MoCCRRN), among others. Id. at 13. DSS terminated its contract to reimburse TYBE for child care services and MoCCRRN removed TYBE from its referral list of licensed child care providers. AHC Dismissal at 7; see also Letter from DSS to Austell dated Aug. 27, 2009 [Doc. #79].

TYBE timely filed a written request for hearing with DHSS, pursuant to the instructions in the Notice of Denial of Renewal. AHC Dismissal at 4. In addition, TYBE filed a complaint directly with the AHC, in which it requested an appeal of DHSS's denial of license renewal and sought a stay of all adverse agency action by DHSS and DSS.

The agencies filed motions to dismiss the administrative complaint for lack of jurisdiction. Relying on Mo.Rev.Stat. § 210.245, they argued that the AHC could consider only complaints filed by DHSS.[2] Plaintiffs cited another statutory provision,

---

[2]Section 210.245.2 provides:

§ 621.120,³ which they argued provided an independent right to seek review directly from the AHC. Following oral argument, defendant Bindbeutel concluded that the more specific statute governing licenses denied by DHSS trumped the more general statute regarding aggrieved license applicants. Having reached that decision, defendant Bindbeutel examined the plain language of § 210.245.2, and determined that the AHC did not have jurisdiction over a complaint filed by the license applicant.

DHSS acted on plaintiffs' written request for a hearing and filed a complaint with the AHC. On January 28, 2011, Commissioner Sreenivasa Rao (Sreenu) Dandamudi determined that TYBE was not entitled to renewal of its child-care facility license because of its "numerous and repeated violations" of regulations and its "failure to prove that it is of good character and intent and that it is qualified and equipped to render care or service conducive to the welfare of children." Department of Health & Senior Servs. v. TYBE Learning Center, No. 09-1569DH, at 25 (Admin. Hearing Comm'n Jan. 28, 2011) ("AHC Denial") [Doc. #64-4].

### III. Discussion

---

> If the department of health and senior services proposes to deny, suspend, place on probation or revoke a license, the department of health and senior services shall serve upon the . . . licensee written notice of the proposed action to be taken. The notice shall contain . . . a statement that the . . . licensee shall have thirty days to request in writing a hearing before the administrative hearing commission and that such request shall be made to the department of health and senior services. If no written request for a hearing is received by the department of health and senior services within thirty days . . ., the proposed discipline shall take effect on the thirty-first day . . . If the . . . licensee makes a written request for a hearing, the department of health and senior services shall file a complaint with the administrative hearing commission within ninety days of receipt of the request for a hearing.

³Section 621.120 provides that an aggrieved license applicant may file a complaint "[u]pon refusal by any agency to permit an applicant to be examined upon his qualifications for licensure." (emphasis added).

Plaintiffs bring this action against defendant Bindbeutel in his official capacity; defendant Chapel is named solely as a successor to defendant Bindbeutel.[4] In Count III of their second amended complaint, plaintiffs allege that defendant Bindbeutel unlawfully deprived them of a statutory right to independently seek a declaration of their qualification for a renewed license, under § 621.120, Mo.Rev.Stat. They seek compensatory and exemplary damages, attorneys fees and costs, and an injunction barring defendant Bindbeutel from depriving other daycare providers of their rights to seek a license renewal from the AHC. In Count V, plaintiffs seek an order enjoining Commissioner Bindbeutel[5] from refusing jurisdiction over complaints duly-filed pursuant to § 621.120.

The defendant commissioners assert that they are entitled to judicial immunity. "[G]enerally, a judge is immune from a suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal

---

[4]In their opposition to summary judgment, plaintiffs assert challenges to the decision denying their application for license renewal. Commissioner Dandamudi issued the decision on January 31, 2011, nearly a year after the plaintiffs filed their second amended complaint. Commissioner Dandamudi is not named as a defendant and the January 11th decision does not form the basis of any of the five counts asserted in the complaint. Plaintiffs' arguments regarding this decision are irrelevant to the issues asserted in their complaint and have not been considered. Astonishingly, plaintiffs also challenge the actions of a "Commissioner Winn" with respect to "Small Hearts Daycare," who are not parties to this case. There are no allegations that Commissioner Winn had any involvement in this case or that Small Hearts Daycare has any connection to the actions involving TYBE. Plaintiffs' arguments have absolutely no bearing in this action and are a distraction from the issues genuinely before this Court.

[5]The complaint actually seeks an order enjoining "Commissioner Smith," who is not a party to this action.

consequences to himself.'" Id. at 10 (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872)). As a consequence, judges "are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." 13 Wall. at 351. Furthermore, judicial immunity is an immunity from suit, not just ultimate assessment of damages, and is not overcome by allegations of bad faith or malice. Mireles, 502 U.S. at 11. Judicial immunity is not available in only two circumstances: a judge is not immune from liability (1) for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity; and (2) for actions, though judicial in nature, taken in the complete absence of all jurisdiction. Id. at 11-12. Plaintiffs do not contend that either circumstance exists here.

As a commissioner of the AHC, defendant Bindbeutel is entitled to quasi-judicial immunity. Dunham v. Wadley, 195 F.3d 1007, 1010 (8th Cir. 1999) (stating, with respect to members of state veterinary board, "Persons who perform quasi-judicial functions are entitled to absolute immunity.") Absolute immunity "is appropriate when an official's functions are similar to those involved in the judicial process, an official's actions are likely to result in lawsuits for damages by disappointed parties, and sufficient safeguards exist in the regulatory process to control unconstitutional conduct." Id. (citing Butz v. Economou, 438 U.S. 478, 512-15 (1978)); see also VanHorn v. Oelschlager, 457 F.3d 844, 847 (8th Cir. 2006) (finding members of Nebraska State Racing Commission entitled to absolute, quasi-judicial immunity). There is no dispute that defendant Bindbeutel's actions are quasi-judicial: as a commissioner, he hears legal arguments, receives evidence, makes determinations about jurisdiction, and issues dispositive orders. See Herzog v. Wiche, No. 8:07CV498, 2009 WL 995568, at *2 (Apr. 14, 2009) (members of county mental health board

perform judicial functions and are entitled to quasi-judicial immunity). Finally, decisions of the AHC are subject to judicial review, thus there are safeguards to prevent unconstitutional conduct by commissioners. See § 210.241 and § 621.189 (providing for judicial review of decisions of DHSS and the AHC).

Plaintiffs assert that the doctrine of judicial immunity is not applicable in this instance because they seek injunctive relief, rather than monetary damages. Plaintiffs rely on Pulliam v. Allen, 466 U.S. 522 (1984), in which the Supreme Court held that absolute judicial immunity was not a bar to injunctive relief against a judge acting in her judicial capacity. Plaintiffs' reliance on Pulliam is misplaced: In 1996, Congress legislatively reversed Pulliam by enacting the Federal Courts Improvement Act (FCIA), Pub.L. No. 104-317, 110 Stat. 3847 (1996). Lawrence v. Kuenhold, 271 Fed. Appx. 762, 766 n.6 (10th Cir. 2008); see also Roth v. King, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006) (district court erred in holding that § 1983 plaintiffs might be entitled to injunctive relief against judges implementing an attorney-selection panel); Taylor v. Smithart, No. 2:10–CV–1057–ID, 2011 WL 1188553, at *1 (M.D. Ala. Jan. 25, 2011) (dismissing claims for declaratory relief against judge); Dancer v. Halton, 4:10-CV-4118, at *4, 2010 WL 5071239 (W.D. Ark. Nov. 16, 2010) (dismissing claims for injunctive and declaratory relief against judge). The FCIA amended § 1983 to add the following:

> [I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Neither of the specified limitations applies in this case. Judicial immunity bars plaintiffs' claims for damages and for injunctive relief.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Bindbeutel and Chapel for summary judgment [Doc. #59] is **granted**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for summary judgment [Doc. #67] is **denied** with respect to defendants Bindbeutel and Chapel.

Judgment in favor of defendants Bindbeutel and Chapel will be entered upon disposition of the claims against the remaining defendants.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of May, 2011.