UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

T.Y.B.E. LEARNING CENTER, et al., )
        Plaintiff, )
vs. ) Case No. 4:09-CV-1463 (CEJ)
KATHY QUICK, et al., )
        Defendant. )

**MEMORANDUM AND ORDER**

Plaintiffs TYBE Learning Center and Carmen Austell filed suit to challenge the decision by the Department of Health and Senior Services (DHSS) to deny their application to renew their license to operate a child-care facility. On October 8, 2009, the Court entered a consent preliminary injunction that allowed plaintiffs to operate their facility while the state administrative review of the denial was pending. On January 28, 2011, the Missouri Administrative Hearing Commission (AHC) upheld the DHSS decision. On April 14, 2011, the Court directed the parties to show cause in writing why the consent preliminary injunction should not be dissolved.

Defendants assert that the administrative proceedings are now concluded and the injunction should be dissolved. Plaintiffs oppose dissolving the injunction and argue that the administrative proceedings have not concluded because they have not yet received "a meaningful second stage disciplinary hearing." Plaintiffs' argument is based on their oft-repeated contention that their rights to administrative review are governed by § 621.120, Mo.Rev.Stat., rather than § 210.245, Mo.Rev.Stat., the statute under which the Commission proceeded.

I.  **Background**

On August 27, 2009, plaintiffs were notified that their application for renewal of their child care facility was denied.[1] Plaintiffs took two actions in response. First, they requested from DHSS a hearing before the AHC; under § 210.245, DHSS then had 90 days within which to file a complaint with the AHC. Not content to wait that long, plaintiffs next filed a complaint directly with the AHC, relying on § 621.120. This section provides:

> Upon refusal by any agency . . . to permit an applicant to be examined upon his qualifications for licensure or upon refusal of such agency to issue or renew a license of an applicant who has passed an examination for licensure or who possesses the qualifications for licensure without examination, such applicant may file, within thirty days . . . a complaint with the administrative hearing commission.

On September 10, 2009, the AHC dismissed plaintiffs' complaint filed under § 621.120. The commissioner found that administrative review of child-care licenses is governed by § 210.245.2, which does not allow the aggrieved licensee to file a complaint directly with the AHC.

Acting on plaintiffs' written request for a hearing, DHSS duly filed the required complaint pursuant to § 210.245.2. The commissioner held hearings and received briefs and, on January 28, 2011, determined that plaintiffs were not entitled to renewal of their child-care license. The commissioner cited TYBE's "numerous and repeated violations" of DHSS regulations and its "failure to prove that it is of good character and intent and that it is qualified and equipped to render care or service conducive to the welfare of children." Plaintiffs filed petitions for judicial review of the Commission's decision in the Circuit Court of St. Louis County. TYBE Learning Center v. Missouri

---

[1] They were also informed that, since their license had expired on July 31, 2009, they could no longer provide services to more than four unrelated children.

Dep't of Health & Senior Services, No. 11SL-CC00943 (filed Feb. 28, 2011); TYBE Learning Center v. Missouri Dep't of Health & Senior Services, No. 11SL-AC07332 (filed Mar. 4, 2011). These actions are pending.

II. **Discussion**

On September 4, 2009, plaintiffs filed suit pursuant to 42 U.S.C. § 1983, asserting that their procedural due process rights had been violated. They sought a temporary restraining order to allow them to operate "during the pendency of all administrative proceedings involving the renewal of plaintiffs' child-care facility license." The temporary restraining order was entered on September 21, 2009, following a hearing. On October 25, 2009, the Court entered the parties' consent preliminary injunction, which allows plaintiffs to operate during the administrative proceedings, so long as they followed all applicable statutes, rules, and regulations. The preliminary injunction authorizes DHSS to carry out site inspections and to request dissolution of the injunction if there is evidence of imminent harm or danger to children in plaintiffs' care. DHSS has not sought dissolution and plaintiffs have been permitted to operate as a licensed child care facility.

On January 28, 2011, the AHC issued its decision on the complaint filed by DHSS pursuant to § 210.245. Plaintiffs do not contest defendants' assertion that this administrative proceeding is now concluded. Nonetheless, they argue that the administrative complaint that they filed pursuant to § 621.110, and dismissed by the AHC for lack of jurisdiction, remains pending. Section 621.110 provides:

> Upon a finding in any cause charged by the complaint for which the license may be suspended or revoked as provided in the statutes and regulations relating to the profession or vocation of the licensee, the commission shall deliver . . . to the agency which issued the license the record and a transcript of the proceedings before the commission together with the commission's findings of fact and conclusions of law. The commission may make recommendations as

> to appropriate disciplinary action but any such recommendations shall not be binding upon the agency... Within thirty days after receipt of the record of the proceedings before the commission and the findings of fact, conclusions of law, and recommendations, if any, of the commission, the agency shall set the matter for hearing upon the issue of appropriate disciplinary action and shall notify the licensee of the time and place of the hearing... After such hearing the agency may order any disciplinary measure it deems appropriate and which is authorized by law.

§ 621.110, Mo.Rev.Stat. (emphasis added).

Plaintiffs characterize the AHC's January 28, 2011, decision as "nothing more than a 'recommendation'" to DHSS. They claim that they are entitled to a "second-stage" disciplinary proceeding before DHSS. Until such a proceeding occurs, they argue, the administrative proceedings remain pending and the injunction should stay in place. This argument is unavailing: Plaintiffs' § 621.110 action was dismissed and the AHC acted on the § 210.245 proceeding filed by DHSS. Even if, as plaintiffs contend, the AHC committed error in dismissing their § 621.110 proceeding, that error did not invalidate the subsequent § 210.245 proceeding. Under § 210.245, plaintiffs are not entitled to a "second-stage" hearing to determine the appropriate discipline.

Section 210.245 entitled plaintiffs to a hearing before the AHC on DHSS's decision not to renew their child-care facility license. Under ordinary circumstances, it appears that the nonrenewal of the license would not have taken effect until the conclusion of that hearing. In this instance, however, the nonrenewal decision was not made until after plaintiffs' license expired on July 31, 2009. DHSS took the position that plaintiffs were unlicensed from that day forward. The purpose of the injunction was to provide plaintiffs with the procedural protections created by the statute – the opportunity to have a hearing on the nonrenewal before it took effect. The administrative proceedings have concluded and, thus, the purpose for which the consent injunction was entered has been satisfied.

If plaintiffs believe that they are entitled to an injunction to preserve the status quo during judicial review of the AHC decision, a request for such relief may be submitted to the state court that is conducting the review.

Accordingly,

**IT IS HEREBY ORDERED** that the preliminary injunction entered on October 8, 2009 [Doc. #25] is **dissolved**.

**IT IS FURTHER ORDERED** that the effect of this order is **stayed until Friday, May 13, 2011, at 12:00 noon (Central Time)**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2011.