UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| T.Y.B.E. LEARNING CENTER, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:09-CV-1463 (CEJ) |
| HON. JOSPEH BINDBEUTEL, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to reconsider the Court's order of May 2, 2011, granting summary judgment to defendants Joseph Bindbeutel and Nimrod Chapel on the basis of judicial immunity. Defendants have filed a response in opposition.

Plaintiffs filed suit under 42 U.S.C. § 1983, alleging that their rights to procedural due process had been violated. Defendants Bindbeutel and Chapel are commissioners with the Missouri Administrative Hearing Commission and, as such, are entitled to immunity from a suit for money damages. Mireles v. Waco, 502 U.S. 9 (1991). Plaintiffs assert that, notwithstanding Mireles, they are entitled to seek injunctive relief against the defendants.

Section 1983 provides that:

> [I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (emphasis added).

Plaintiffs contend that defendants violated a declaratory decree. They find that decree in Gard v. State Bd. of Registration for the Healing Arts, 747 S.W.2d 726, 729 (Mo. Ct. App. 1988). In Gard, the Board of Healing Arts filed a complaint before the AHC seeking to revoke the license of a doctor of osteopathy. The AHC held a hearing

at which it received evidence, including evidence of the doctor's rehabilitation. The AHC recommended to the Board that the doctor be placed on probation. The Board rejected the recommendation and revoked the doctor's license. The Missouri Court of Appeals found that the Board abused its discretion under § 621.110, Mo.Rev.Stat., because it failed to consider the evidence of the doctor's rehabilitation.

Plaintiffs have misunderstood the meaning of "declaratory decree" as used in § 1983. It does not refer, as plaintiffs' argument suggests, to an order in another case reaching a conclusion other than the one reached by the judicial officer in question. Plaintiffs' construction of the term would subject judges to suit for injunctive relief on a regular basis since there is not unanimity of opinion among courts regarding all legal questions. Rather, a declaratory decree refers to an order directing a particular judicial officer to take or refrain from taking a particular action in a particular dispute. See Tesmer v. Kowalski, 114 F. Supp. 2d 622 (E.D. Mich. 2000) (entering injunction on finding that state court judges were in violation of earlier declaration that denying appellate counsel to indigent criminal defendants was unconstitutional), rev'd on other grounds, 333 F.3d 683 (6th Cir. 2003), rev'd on standing grounds, 543 U.S. 125 (2004). Furthermore, nothing in the Gard opinion can be construed as supporting plaintiffs' claim that the commissioner defendants were required to decide the question of their child-care facility license under § 621.120 rather than § 210.245.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to reconsider [Doc. #134] is denied.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of June, 2011.