UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| T.Y.B.E. LEARNING CENTER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:09-CV-1463 (CEJ) |
| | ) |
| HON. JOSPEH BINDBEUTEL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendants Kathy Quick, Kimberly Sprenger, and Shelley Truesdale for summary judgment. Plaintiffs Carmen Austell and TYBE Learning Center have filed a cross-motion for summary judgment.[1] The issues are fully briefed.

Plaintiff Austell is the owner and operator of plaintiff TYBE Learning Center (TYBE), a child care center located in Florissant, Missouri. Child care facilities are regulated by the Missouri Department of Health and Senior Services (DHSS) through its Section for Child Care Regulation (SCCR). Defendant Quick is the Administrator of SCCR, defendant Sprenger is the Legal Coordinator of SCCR, and defendant Truesdale is a Child Care Facility Specialist. In August 2009, defendants denied plaintiffs' application to renew their child-care license. They also directed plaintiffs to cease providing care to more than four unrelated children and informed third-party agencies that TYBE was unlicensed. TYBE experienced an immediate decline in its enrollment.

Plaintiffs assert that they were entitled to administrative and judicial review of

---

[1] Plaintiffs filed a motion for summary judgment with respect to all defendants. On May 2, 2011, the Court granted the separate motion of defendants Joseph P. Bindbeutel and Nimrod T. Chapel, Jr., for summary judgment and denied plaintiffs' motion as it pertained to them.

the agency's decision to deny renewal before defendants took these actions. In this action filed on September 14, 2009, plaintiffs assert three claims for violation of their procedural due process rights pursuant to 42 U.S.C. § 1983, a claim for tortious interference with a business expectancy, and a claim for judicial review of a decision by the Administrative Hearing Commission (AHC). On September 21, 2009, the Court entered a temporary restraining order that barred defendants from claiming that TYBE was operating without a license. On October 8, 2009, the parties agreed to the entry of consent preliminary injunction that allowed plaintiffs to operate their facility pending administrative review. That injunction was dissolved on May 13, 2011.

I. **Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)).

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

II. Background

The Department of Health and Senior Services issued a child care license to TYBE on August 18, 2003. TYBE Learning Center v. Department of Health & Senior Servs., Nos. 09-1224DH & 09-1223SP, decision at 3 (Admin. Hearing Comm'n Sept. 10, 2009) ("AHC Dismissal") [Doc. #64-3]. The license authorized TYBE to provide care for up to 90 children between the ages of 24 months and 13 years old, 24 hours a day, seven days a week. TYBE received renewals of the license in 2005 and 2007.

TYBE's license was scheduled to expire on July 31, 2009. DHSS received TYBE's renewal application on June 18, 2009.[2] On August 24, 2009, DHSS issued a Notice of Denial of Renewal, drafted by defendant Sprenger and signed by defendant Quick. [Doc. #64-1]. The notice listed eight reasons for the denial, including plaintiffs' failure to maintain adequate staffing levels and use of unapproved caregivers. The notice also stated:

> The denial of Tybe's license is effective thirty-one (31) days from the date of this letter unless the decision is appealed.

**APPEAL PROCEDURE**

---

[2]DHSS regulations require a renewal application to be submitted "at least sixty (60) days prior to expiration of the license. 19 C.S.R. 30-62.052(1). There are suggestions in the record that plaintiffs timely mailed their application, but that it was not received. AHC Transcript [Doc. #82] at 103-04, 227. Neither party has argued that the late receipt by DHSS has any legal significance to the issues at hand.

> **You may appeal the decision to deny the renewal of your license by requesting a hearing before the Administrative Hearing Commission (Commission). To receive a hearing, the SCCR must receive a written request within thirty (30) days of the date of this letter. Please direct the request to the attention of Kimberly Sprenger . . .**
>
> **If you appeal, DHSS/SCCR has ninety (90) days to file a complaint with the Commission. After receiving the complaint, the Commission sets a date for the hearing and notifies you and DHSS/SCCR of the date.** <u>**Tybe's child care license is expired. Tybe is not licensed to provide child care at this time.**</u>
>
> \* \* \*
>
> *If you do not appeal, this denial of renewal will be effective 31 days from the date of this letter.* <u>*However, you are not currently licensed to provide child care.*</u> Please note that Section 210.211.1 RSMo (2000), does not allow a facility to provide care for more than four (4) unrelated children without a license issued by DHSS/SCCR. Any care provided for more than four (4) unrelated children is in conflict with this section and subject to penalties set forth in Section 210.245, RSMo (2000). Please be reminded that Section 210.903 RSMo authorizes denials, revocations and suspensions of child care licenses to be reported to anyone who makes an inquiry to the Family Care Safety Registry for employment purposes. The placement of your name in this registry may affect your ability to obtain employment.

**Id.** at 12-13 (bold and italics in original; underlining added).

DHSS sent notice of the nonrenewal to the Department of Social Services which terminated its contract to reimburse TYBE for child care services to eligible children. The notice was also sent to the Missouri Child Care Resource and Referral Network, a registry of child care facilities. Defendant Quick testified at deposition that DHSS has since modified its procedures to withhold notice to third parties until after the expiration of the time for seeking administrative review or the conclusion of that review if sought. [Doc. #72 at 28].

TYBE filed a complaint with the AHC, which Commissioner Joseph Bindbeutel dismissed for lack of jurisdiction. TYBE also filed a written request for hearing with DHSS, which filed a complaint with the AHC. On January 28, 2011, the AHC determined that TYBE was not entitled to a renewal of its child-care facility license.

Department of Health & Senior Servs. v. TYBE Learning Center, No. 09-1569DH ("AHC Denial") [Doc. #64-4]. Plaintiffs' petitions for judicial review of the Commission's decision are pending in the Circuit Court of St. Louis County. TYBE Learning Center v. Missouri Dep't of Health & Senior Services, No. 11SL-CC00943; TYBE Learning Center v. Missouri Dep't of Health & Senior Services, No. 11SL-AC07332.

III. Discussion

A. Preliminary Matters

The material facts are not in dispute. The legal issue before the Court is whether the defendants violated plaintiffs' protected property interest in their child care facility license when they notified third parties of the nonrenewal before the completion of the administrative review process. Plaintiffs also challenge as improper the defendants' directive that plaintiffs cease providing services to more than four unrelated children or face referral for possible prosecution. Plaintiffs did not comply with the directive and their noncompliance did not result in a referral for prosecution. The directive did not cause plaintiffs to suffer any deprivation and, therefore, plaintiffs cannot rely on it as a basis for a procedural due process claim.

Plaintiffs argue in their motion for summary judgment that they have a protected liberty interest in a "due process name clearing hearing." They also assert an equal protection claim arising from defendant Quick's refusal to enter into a settlement agreement with them similar to those offered to two other child care centers. These claims were not asserted in plaintiffs' amended complaint and the Court will not consider them here. Plaintiffs include assertions regarding the race of the parties in their statement of uncontroverted material facts. The amended complaint does not include allegations that defendants' actions were motivated by race, and any

attempt to assert such a claim now is improper. Also, the Court will not consider any claim related to the AHC decision upholding the denial of plaintiffs' application to renew their license, as that decision is presently under review by the Circuit Court of St. Louis County.

Defendants assert that plaintiffs' due process claims in Counts I and III fail because plaintiffs neglected to assert that their rights arise under the Fourteenth Amendment. They argue that plaintiffs are relying solely on § 1983, which does not provide an independent cause of action. While Counts I and III are improperly drafted in this regard, the error does not create any ambiguity with respect to plaintiffs' claims, and the time to have challenge the sufficiency of pleadings passed long ago. Defendants' suggestion that plaintiffs' § 1983 claims are no more than torts in constitutional disguise is similarly unworthy of consideration.

### B. Abstention Doctrines

Defendants contend that the Court should abstain from adjudicating plaintiffs' claims pursuant to the *Rooker-Feldman* doctrine, the *Pullman* doctrine, and the *Younger* doctrine.

#### 1. *Rooker-Feldman* Abstention

The *Rooker-Feldman* doctrine stands for the general principle that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction to review state court judicial decisions. Prince v. Arkansas Bd. of Examiners in Psychology, 380 F.3d 337, 340 (8th Cir. 2004) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-83 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923)). However, the *Rooker-Feldman* doctrine is concerned only with state court determinations and presents no jurisdictional obstacle to judicial

review of executive actions, including decisions made by state administrative agencies. Gilbert v. Illinois State Bd. of Educ., 591 F.3d 896, 900 (7th Cir. 2010) (citing Verizon Maryland, Inc. v. Public Service Comm'n of Maryland, 535 U.S. 635, 644 n.3 (2002)). Many litigants who lose in state administrative proceedings seek relief in federal district court under civil rights legislation such as 42 U.S.C. § 1983, and they generally do not have to exhaust administrative remedies before pursuing such claims. Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000) (citing Van Harken v. Chicago, 103 F.3d 1346, 1349 (7th Cir. 1997) and Porter v. Nussle, 534 U.S. 516, 523 (2002)) (internal quotations omitted). Plaintiffs' claims against defendants do not involve state court judicial decisions and thus the *Rooker-Feldman* doctrine does not apply in this instance.

### 2. *Pullman* Abstention

Defendants also assert that the Court should abstain pursuant to Railroad Comm'n v. Pullman Co., 312 U.S. 496 (1941). The *Pullman* abstention doctrine requires consideration of (1) the effect abstention would have on the rights to be protected by considering the nature of both the right and necessary remedy; (2) available state remedies; (3) whether the challenged state law is unclear; (4) whether the challenged state law is fairly susceptible to an interpretation that would avoid any federal constitutional question; and (5) whether abstention will avoid unnecessary federal interference in state operations. Beavers v. Arkansas State Bd. of Dental Examiners, 151 F.3d 838, 840-41 (8th Cir. 1998).

> Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication. . . . The

doctrine . . . contemplates that deference to state court adjudication only be made where the issue of state law is uncertain.

Lake Carriers' Ass'n v. MacMullan, 406 U.S. 498, 511 (1972) (quoting Harman v. Forssenius, 380 U.S. 528, 534 (1965)) (alterations in original).

Defendants fail to identify any question of state law that is unclear or susceptible to an interpretation that would avoid a constitutional question. A review of the second amended complaint similarly does not disclose an allegation of an unconstitutional or unclear statute. Rather, plaintiffs assert that defendants did not comply with the requirements of the law and thereby denied plaintiffs of their due process rights. The Court concludes that *Pullman* abstention is not appropriate in this case.

### 3. *Younger* Abstention

The *Younger* abstention doctrine,[3] as it has evolved, provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Even if these three requirements are met, a federal court should not abstain if there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Plouffe v. Ligon, 606 F.3d 890, 893 (8th Cir. 2010) (quoting Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982)). There are ongoing state proceedings; however, they are directed to the AHC's final decision regarding the denial of TYBE's renewal application and thus will not reach the constitutional question plaintiffs assert in this case.

---

[3]See Younger v. Harris, 401 U.S. 37 (1971).

-8-

### C. Due Process Claims Based on § 621.045 and § 621.120

In Count II, plaintiffs assert that defendant Quick violated their due process rights by failing to offer an "initial settlement offer" and a 60-day "negotiation period" under § 621.045.4, Mo. Rev. Stat.[4] In Count III, plaintiffs assert that defendant Quick violated their rights to independently seek a declaration of qualification to obtain renewal of their child care license. In Count V, plaintiffs seek judicial review of the AHC dismissal of their § 621.120 complaint. The Court previously granted summary judgment in favor of defendant Bindbeutel on Count V.

The procedures governing administrative review of a decision by DHSS to deny a child care facility license are found in § 210.245, which states:

> If the department of health and senior services proposes to deny, suspend, place on probation or revoke a license, the department of health and senior services shall serve upon the . . . licensee written notice of the proposed action to be taken. The notice shall contain . . . a statement that the . . . licensee shall have thirty days to request in writing a hearing before the administrative hearing commission and that such request shall be made to the department of health and senior services. If no written request for a hearing is received by the department of health and senior services within thirty days . . ., the proposed

---

[4]The statute provides in relevant part:

[I]n order to encourage settlement of disputes between any agency described in subsection 1 or 2 of this section and its licensees, any such agency shall:

(1) Provide the licensee with a written description of the specific conduct for which discipline is sought and a citation to the law and rules allegedly violated, together with copies of any documents which are the basis thereof and the agency's initial settlement offer, or file a contested case against the licensee;

(2) If no contested case has been filed against the licensee, allow the licensee at least sixty days, from the date of mailing, to consider the agency's initial settlement offer and to contact the agency to discuss the terms of such settlement offer.

§ 621.045.4.

> discipline shall take effect on the thirty-first day . . . If the . . . licensee makes a written request for a hearing, the department of health and senior services shall file a complaint with the administrative hearing commission within ninety days of receipt of the request for a hearing.

Plaintiffs submitted a written request for hearing as required by this section. They also filed a complaint directly with the AHC, relying on § 621.120. DHSS filed a motion to dismiss plaintiffs' complaint for lack of jurisdiction, arguing that § 621.120 is a general statute governing procedures before the AHC, while § 210.245 specifically governs procedures for the licensing of child care facilities. Commissioner Bindbeutel agreed with DHSS and dismissed plaintiffs' complaint. Plaintiffs eventually received a hearing on the complaint that DHSS filed pursuant to § 210.245.

Plaintiffs claim that the dismissal of their § 621.120 complaint violated their due process rights. The Court disagrees. The AHC received plaintiffs' complaint, set the matter for a hearing, accepted legal briefs on the jurisdictional issues, and issued a decision. Furthermore, the AHC ultimately addressed the merits of plaintiffs' claims in the § 210.245 proceedings. As a result of the consent injunction entered by this Court, plaintiffs were able to operate through the duration of those proceedings. The standard of review applied by the AHC does not vary depending on which of the two statutes governs. Plaintiffs thus received all the process they were due from the AHC, regardless of which statute applied. Defendants were entitled to argue a plausible (and ultimately prevailing) jurisdictional point without violating the Constitution.

Plaintiffs also assert that defendants were obligated to provide an initial settlement offer and negotiation period as contemplated by § 621.045.4. Plaintiffs have not established that § 621.045 applies to child care facilities. Moreover, there is no indication that application of this statute would have prevented the harm plaintiffs allege they suffered, *i.e.*, the notification to third parties that plaintiffs' license had

expired.  Plaintiffs are not entitled to relief based on § 621.045 and § 621.120 and summary judgment will be granted to defendants on Counts II, III, and V.

### D. Count I: Procedural Due Process and Qualified Immunity

In Count I, plaintiffs claim that defendants violated their rights to procedural due process by depriving them of their license before judicial and administrative review proceedings were complete.  The facts relevant to this claim are as follows:

Plaintiffs' two-year license was scheduled to expire on July 31, 2009.  They timely filed an application for renewal. On June 18, 2009, defendant Truesdale completed an announced renewal inspection.  AHC Transcript at 103 [Doc. #82].  She found a number of regulatory violations, including incomplete files for children and staff.  Id. at 104; see also 19 C.S.R. 30-62.222 (specifying requirements for contents of files).  The files were still incomplete when defendant Truesdale returned on July 24, 2009, and again on July 31, 2009.  AHC Transcript at 112-14; see also AHC Denial at 22 (listing five records violations present on July 31, 2009).  Defendant Truesdale testified that the outstanding violations prevented her from issuing a renewal of the license, id. at 167, and that this was the standard agency practice.  Id. at 172 ("100 percent" of facilities out of compliance on last day of licenses are not renewed or are deemed expired).  On August 24, 2009, defendants issued the denial notice quoted above.[5]

Procedural due process claims require a two-step analysis.  First, a plaintiff must prove that as a result of state action the plaintiff was deprived of some life, liberty, or

---

[5]In her testimony before the AHC, defendant Truesdale testified that she sent plaintiffs a "five-day letter" on August 6, 2009.  [Doc. #82 at 91].  According to her testimony, the letter stated that TYBE's license expired on July 31, 2009, and that plaintiffs were operating in violation of the law.  Id. at 93.  The letter itself is not in evidence.

-11-

property interest. Second, the plaintiff must prove that the state's deprivation of that interest was done without due process. Krentz v. Robertson Fire Prot. Dist., 228 F.3d 897, 902 (8th Cir. 2000).

Plaintiffs assert that they have a property interest in their license to operate a child-care facility. They further assert that the defendants deprived them of that interest when they informed third parties that their license was expired. Plaintiffs do not dispute that their license expired on July 31, 2009. The defendants state, without contradiction, that licenses may not be renewed while license holders are in violation of regulatory requirements. Examined closely, plaintiffs' due process claim amounts to an assertion that they were entitled to operate under an expired license while they sought administrative review of the decision to deny their renewal application. Anything less, they suggest, renders the right of review meaningless because even a temporary closure would cause irreparable losses.

Child care facility licenses expire after two years by operation of law. § 210.210.1(1) ("No license shall be granted for a term exceeding two years); 19 C.S.R. 30-62.052(4) (license shall be granted for "up to two years"). Plaintiffs have not cited a statute or regulation that allows DHSS to permit a child care facility to continue operations under an expired license during administrative review. The Court concludes that plaintiffs have not established that they had a protected interest in operating under the terms of an expired license while awaiting administrative review. Thus, plaintiffs cannot establish that defendants violated that right and denied them due process.

Even if the plaintiffs could establish that they had the right to continue to operate under the expired license, defendants are entitled to qualified immunity.

Qualified immunity protects "government officials performing discretionary functions." Rush v. Perryman, 579 F.3d 908, 913 (8th Cir. 2009) (internal quotations and citations omitted). "Government officials are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. (internal quotations and citations omitted). "A right is clearly established, for qualified immunity purposes, if the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Id. (alteration in original).

Plaintiffs cannot establish that the right they claim was clearly established such that the named defendants should have known that their conduct was unlawful in the situation they faced. Bonner v. Outlaw, 552 F.3d 673, 676 (8th Cir. 2009) (setting out two-step analysis of qualified immunity). Defendants are entitled to summary judgment on plaintiffs' due process claim.

### E. Count IV: Tortious Interference

Defendants Quick and Sprenger sent notice of plaintiffs' unlicensed status to DSS and the Missouri Child Care Resource and Referral Network.[6] Plaintiffs have presented evidence that they experienced a decline in enrollment as a result.

The elements of a claim of intentional interference with a business expectancy are: (1) a contract or a valid business relationship or expectancy; (2) the defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) the absence of

---

[6]As discussed above, there is no evidence that defendant Truesdale participated in the decision to notify third parties of the nonrenewal and thus she is entitled to summary judgment on the tortious interference claim.

-13-

justification; and (5) damages, resulting from the defendant's conduct.  Londoff v. Walnut Street Securities, Inc., 209 S.W.3d 3, 7 (Mo. Ct. App. 2006).

Here, plaintiffs cannot establish absence of justification, as their license expired on July 31, 2009, and they were indeed unlicensed at the time notification was given to third parties.  The defendants are entitled to summary judgment on Count IV.

\*\*\*\*\*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the defendants' motion for summary judgment [Doc. #63] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of July, 2011.